Lorenzo Santana et al., Plaintiffs and Appellants, v. Ramón Vélez, Defendant and Appellee; Dionisio Nieves Alicea et al., Defendants.

No. 9522. Argued January 15, 1948.—Decided March 15, 1948.

Benigno Dávila for appellants.   Herminio A. Concepción for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

The District Court of Bayamón, after holding a hearing and making an inspection, issued a writ of injunction against the defendant, Ramón Vélez, restraining him from disturbing the plaintiffs in the free use and enjoyment of the road involved in the complaint. Notice of said judgment was served on the defendant Vélez, and the latter, as he alleges, complied with it. Subsequently, and claiming that said defendant had not complied with the order of injunction, in that he failed to remove his fences and refused to

restore the plaintiffs in the free use and enjoyment of the road, the plaintiffs filed in the same court a motion praying that the defendant be summoned to show cause why he should not be punished as for contempt in failing to comply with the judgment and the writ of injunction issued. The defendant was summoned and a hearing was held. The lower court after considering the evidence introduced, denied the motion for contempt. From that decision the plaintiffs have appealed and they assign two errors which we will discuss jointly because both relate to the weighing of the evidence by the lower court.

The road in question begins at Insular Highway No. 2 and runs towards the south along the boundary between the properties of the defendant, Ramón Vélez, and Dionisio Nieves Alicea. Then it turns towards the west along the boundary between the properties of the defendant and of Gregorio Nieves. It is alleged by the appellants that the defendant complied with the order of injunction by opening the road only as to that portion thereof which runs along the boundary between the properties of Vélez and of Nieves Alicea, but that he failed to comply with the order as to that portion which lies along the boundary between the properties of the defendant and of Gregorio Nieves, since that portion of the road has a width of only 2 meters whereas the order required that the road be opened with a width of 3 meters.

The transcript of the record shows that the evidence introduced at the hearing of the motion for contempt consisted only in the testimony of Lorenzo Santana, the plaintiff-appellant, who testified as follows:

"Q.—Has the defendant Ramón Vélez removed the road fences which he was ordered to remove? Did he remove them?

"A.—He removed them on the upper portion; that is, from the highway up to where his house begins.

"Q.—In other words, up to where the property of Nieves begins?

"A.—Yes, sir.

"Q.—Do you remember what you stated in your testimony? Who was the first one to put up the fence, Gregorio Nieves or Ramón Vélez?

"A.—Gregorio Nieves.

"Q.—When Gregorio Nieves put up the fence, how many meters of road did he leave in your land?

"A.—Gregorio Nieves left 3 meters or more.

"Q.—Then what happened after Gregorio Nieves left 3 meters of road in your land?

"A.—That Mr. Ramón Vélez had not erected any fences.

"Q.—Did Ramón Vélez then put up his fence?

"A.—Yes, sir, afterward; and then he closed or left a space of 2 meters.

"Q.—Which of the two took land away from the road, Gregorio Nieves or Ramón Vélez?

"A.—Ramón Vélez.

"Q.—Has Ramón Vélez moved his fence from that place?

"A.—No."

The lower court ordered the defendant to restore the plaintiffs in the free use and enjoyment of the road up to a width of 3 meters throughout its entire length. The above-transcribed testimony of the plaintiff showed that the defendant failed to comply fully with said order, inasmuch as he opened the road only as to a portion thereof, that is, at the boundary between his property and that of Nieves Alicea, but he left the road unwidened at the southern boundary of his property. That being so, it is manifest that the order of injunction has not been complied with. There was no evidence which would justify the conclusion reached by the lower court. The evidence introduced showed, without there being any proof to the contrary, that the defendant did not obey the mandate contained in the judgment of the lower court. Under those circumstances, the order appealed from should be reversed and the case remanded to the lower court for further proceedings in conformity with this opinion.